It is stated in the affidavit of Chambers that after the trial of the issue in this action in the county court he moved for an appeal, and afterwards, during the sitting of the court, he offered sufficient sureties for prosecuting the appeal with effect, but that the clerk being not ready with the bond, and telling him it would do as well to give the bond at the next county court, which happened before the sitting of the Superior Court, he retired; and at the next court he applied again, and was then told by the clerk it was too late. If this be a true statement he is entitled to a new trial in this Court, in the same manner as if the appeal had been regularly brought up.
The decisions have been uniform that after the party prays an appeal, and offers or gives sufficient sureties, and he is defeated of his appeal by the neglect, omission, or delay of the clerk, or by any contrivance of the adverse party, or by any improper conduct of the county court, as if they adjourn after the trial to prevent the party from applying for the appeal — in all such cases this Court will grant a certiorari, and order a trial here, without inquiring into the motives of the party (367) praying the appeal, or into the merits of his cause; for by the laws of the country he is entitled to his appeal whenever he thinks proper to crave it, and he ought not to be defeated of his privilege by the conduct of others; and we would now order the new trial his counsel prays for, but for the contrary affidavits which render it doubtful whether he did offer the sureties as stated in the affidavit. Wherefore let this cause lie over till the first day of next term, that the plaintiff may produce the affidavits of the sureties themselves who were offered, or such other affidavits as he may think proper.
See Anonymous, ante, 302.
Cited: Robertson v. Stone, post, 402; Collins v. Nall, 14 N.C. 226;Elliott v. Holliday, id., 377; McConnell v. Caldwell, 51 N.C. 470; Smithv. Abrams, 90 N.C. 24.